UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES GOMEZ,

Plaintiff, CASE NO.: 1:18-CV-20601-KMW

vs.

BAER'S FURNITURE CO., INC. and FURNITUREDEALER.NET, INC.,

Defendants.
__________________________________/

**DEFENDANT FURNITUREDEALER.NET, INC.'S**
**MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, FurnitureDealer.Net, Inc., by and through its undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, hereby moves for entry of an order dismissing Plaintiff, Andres Gomez's, Class Action Complaint (the "Complaint") (Doc. 1) as to FurnitureDealer.Net and in support of its Motion, states as follows:

## I. INTRODUCTION AND BACKGROUND

Andres Gomez ("Plaintiff") filed a Complaint on February 15, 2018, asserting claims of disability discrimination pursuant to Title III of the Americans with Disabilities Act ("ADA") against Baer's Furniture Co. ("Baer's") and FurnitureDealer.Net. (Doc. 1). The Complaint alleges that the website www.baers.com is inaccessible to visually impaired individuals, and thus is non-compliant with Title III. The Complaint should be dismissed as to FurnitureDealer.Net because Plaintiff has failed to assert a viable cause of action against FurnitureDealer.Net under Title III of the ADA. Specifically, FurnitureDealer.Net is not a covered entity under the ADA. Further, FurnitureDealer.Net does not own the URL for www.baers.com; although it is the position of the Defendants that the site is fully accessible, FurnitureDealer.Net is not legally

responsible for any alleged access issues with the site. Finally, the Complaint should be dismissed because Plaintiff has not, and cannot, claim an actual harm suffered by FurnitureDealer.Net. Accordingly, the Complaint should be dismissed as a matter of law.

**A. The Parties**

Plaintiff alleges that he is a legally blind individual who uses the assistance of screen reader software when using a computer. (Doc. 1, ¶¶ 2, 22). Plaintiff claims that he visited Baer's website, www.baers.com, which offers a tool to locate physical stores and preview products, sales, obtain design-related assistance, and other information. (Doc. 1, ¶ 22). Plaintiff does not allege that he has ever visited any of Baer's physical locations or that he has plans to visit a Baer's brick and mortar store. (*See* Doc. 1). To the contrary, Plaintiff alleges that www.baers.com contains digital barriers that limit his ability to access the website's content. (Doc. 1, ¶ 5). Plaintiff claims that the digital barriers "deter" him from "attempting to use Defendants' website and related stores." (Doc. 1, ¶ 26). Plaintiff further claims that "[i]f Defendants' website was accessible, Plaintiff could independently research products and services offered at its stores and could access the Defendant, BAER'S FURNITURE CO., INC.'s retail, physical/brick and mortar stores for in-person purchases and services on products listed on the Defendants' website." (Doc. 1, ¶ 27).

Plaintiff alleges that Defendant FurnitureDealer.Net powers, operates, and maintains Baer's website, and refers to www.baers.com as "Defendants' website," referring collectively to Baer's and FurnitureDealer.Net, Inc. Plaintiff does not allege that FurnitureDealer.Net "owns, leases (or leases to), or operates" any of the Baer's brick and mortar stores, because it does not. Rather, FurnitureDealer.Net is a third party website and marketing service provider, and Baer's is a client of FurnitureDealer.Net. Baer's owns the URL www.baers.com. FurnitureDealer.Net

does not sell anything at any Baer's brick and mortar location; rather, FurnitureDealer.Net's sole clientele are furniture retailers interested in its website marketing services and Internet solutions to grow their businesses. Plaintiff is not, and does not allege to be, a customer or future potential customer of FurnitureDealer.Net. Therefore, FurnitureDealer.Net does not owe a duty to Plaintiff for any alleged ADA accessibility issues and is not a covered entity under the ADA.

**B. Plaintiff's Complaint**

Plaintiff's Complaint states that Defendants' website (referring to www.baers.com), does not meet the Web Content Accessibility Guidelines ("WCAG 2.0 AA"), in violation of the rights of Plaintiff and other visually impaired individuals who will be unable to independently use Baers' website and its physical retail facilities in conjunction with Baer's website. (Doc. 1, ¶¶ 23-24). Specifically, the Complaint alleges that "Defendants" operate a website that is a public accommodation under the ADA, and the digital barriers on the website constitute violations of Title III of the ADA, which provides that it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. (Doc. 1, ¶¶ 17-19); 42 U.S.C. §12182(b)(1)(A)(iii).

## II. MEMORANDUM OF LAW AND ANALYSIS

**A. Motion to Dismiss Standard**

A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id.* at 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009); *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Further, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940.

The plausibility standard is guided by two "working principles." *American Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949). First, all allegations of material fact in the complaint are accepted as true, but that tenet "is inapplicable to legal conclusions." *American Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949). Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief. *American Dental*, 605 F.3d at 1290; *Gilliard*, 2011 WL 4711956, at *1. Mere possibility of wrongdoing is insufficient; to survive a motion to dismiss, the complaint must plead factual allegations sufficient to "raise a right to relief above the speculative level." *American Dental*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965); *see also Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966). While Plaintiff's Complaint need not include comprehensive factual allegations, Plaintiff has an obligation to provide the grounds of his entitlement to relief, and that obligation requires more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Nettles v. City of Leesbury – Police Department*, 415 Fed. Appx. 116, 120 (11th Cir. 2010) (citing *Twombly*, 550 U.S. 544, 555).

Even accepting Plaintiff's allegations as true, along with all reasonable inferences, Plaintiff has failed to state a claim against FurnitureDealer.Net for which relief can be granted.

**B. Title III of the ADA**

Title III of the ADA prohibits the owner of a place of public accommodation from engaging in discrimination against disabled persons. Specifically, 42 U.S.C. § 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

To state a claim for relief under Title III, a plaintiff must allege that he was denied access to a place of public accommodation by the defendant because of his disability. *Haynes v. Interbond Corp. of Am.*, 2017 U.S. Dist. LEXIS 171644 (S.D. Fla. Oct. 16, 2017).

An entity is a place of public accommodation and is therefore regulated by the ADA if the operations "affect commerce" and it falls within one of twelve enumerated categories. 42 U.S.C. § 12181(7)(A)-(L). A sales ("retail") store or rental establishment falls within one of the twelve enumerated categories; however, websites do not. *Id.* Still, some courts have held that the ADA applies to commercial websites where the website has a sufficient nexus to a physical, concrete place of public accommodation or affects access to or enjoyment of those physical spaces. *See Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457, *8-9 (S.D. Fla. Feb. 2, 2017) (J. Lenard) ("a website that is wholly unconnected to a physical location is generally not a place of public accommodation under the ADA."); *see also Peoples v. Discover Fin. Servs.*, 2009 U.S. Dist. LEXIS 87184 (E.D. Pa. Sept. 22, 2009). Conversely, if a website has no connection to a physical store location, it will not be considered a place of public accommodation covered by the ADA. *Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457 at *9-10.

Specifically as to Internet website operators like FurnitureDealer.Net, the Southern District has held that "to fall within the scope of the ADA as presently drafted, a public accommodation must be a physical, concrete structure. To expand the ADA to cover "virtual" spaces would be to create new rights without well-defined standards." *Access Now, Inc. v. Southwest Airlines,* 227 F. Supp. 2d 1312, 1318 (S.D. Fla. 2002). To be sure, the current website access space has been left without well-defined standards since this Court's decision in 2002, more than 16 years ago. To this day, Congress has refused to clarify a consistent approach and application of the ADA to cyberspace and the Department of Justice, the agency charged with enforcement of the ADA, who at one time had committed to issuing guidance, has as of July 20, 2017, taken this issue off of its agenda items. *See* Minh N. Vu, *DOJ Places Website Rulemaking on the "Inactive" List,* ADA Title III (July 21, 2017), https://www.adatitleiii.com/2017/07/doj-places-website-rulemaking-on-the-inactive-list/. Thus, while the current landscape remains murky and the "rules" to judge compliance unsettled, plaintiffs like Mr. Gomez continue to attempt to expand the ADA from its original moorings.

**C. Plaintiff has Failed to Assert a Cause of Action Against FurnitureDealer.Net Under Title III of the ADA.**

Plaintiff's Complaint should be dismissed in its entirety as to Defendant FurnitureDealer.Net because FurnitureDealer.Net is not a covered entity under the ADA. Further, Plaintiff's generalized grievances are entirely unrelated to any alleged harm he actually suffered at a place of public accommodation, and therefore, Plaintiff has failed to assert a cause of action against FurnitureDealer.Net under Title III of the ADA.

**i. FurnitureDealer.Net is Not a Covered Entity Under the ADA and Should be Dismissed**

As to FurnitureDealer.Net, Plaintiff alleges that "FurnitureDealer.Net, Inc., powers and controls the website for Defendant, Baer's Furniture Co., Inc., the website for which is offered as

a tool to locate physical stores, view available products, view sales, obtain interior design-related assistance, and obtain other information." (Doc. 1, ¶4). Plaintiff further alleges that "FurnitureDealer.Net, Inc., powers, operates, and maintains a website for Co-Defendant, Baer's Furniture Co., Inc.'s furniture-related services, www.bears.com." (Doc. 1, ¶ 17). Even if the description of FurnitureDealer.Net's business as related to Baer's is true, Plaintiff does not assert any allegations consistent with the application of the ADA's twelve enumerated categories to a business that solely "powers and controls" a website.

In *Steelman v. Fla.*, 2013 U.S. Dist. LEXIS 36814 (M.D. Fla. Feb. 19, 2013), the plaintiff filed a Complaint alleging discrimination in violation of Title III of the ADA against the State of Florida, seeking an injunction to order the State to remove alleged architectural barriers to the physically disabled at "various properties." Without specifically naming any particular property, the plaintiff alleged that she visited various properties owned by Defendant RCI, a timeshare vacation network, all of which were located in Florida. The court dismissed the plaintiff's complaint, holding that plaintiff failed to state any claim against the State of Florida because she alleged no particular factual allegations against the State, and did not and cannot allege that the State is a private entity that owns or operates a timeshare property. *Steelman*, 2013 U.S. Dist. LEXIS 36814 at *4. The court explained that Title III allows claims only against entities that "own, lease, or operate" places of public accommodation, which means that the entity exercises control over the alleged discriminatory action and has authority to take remedial measures. *Id.* at *4-5.

Similarly, Plaintiff here fails to allege that FurnitureDealer.Net is a covered entity under Title III because Plaintiff fails to state any facts, beyond bare labels or legal conclusions, indicating how FurnitureDealer.Net owns, leases, or operates www.baers.com and any place of

public accommodation related to www.baers.com – as he must. While FurnitureDealer.Net provides marketing services to Baer's, Baer's ultimately has control over its own URL. Courts have specifically held that owners of facilities and places of public accommodation have a non-delegable duty to comply with the ADA that cannot be shifted to third parties. *See Rolf Jensen & Assocs. v. Eighth Judicial Dist. Court of Nev.*, 282 P.3d 743 (Nev. 2012); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597 (4th Cir. 2010) (holding that an owner cannot insulate himself from liability for discrimination in regard to premises owned by him and managed for his benefit merely by relinquishing the responsibility for preventing such discrimination to another party). Thus, Baer's, as the owner of the URL www.baers.com, has the legal authority to take and/or direct remedial measures with respect to the compliance of its own website. Baer's cannot delegate its duty to comply with the ADA to FurnitureDealer.Net, and FurnitureDealer.Net cannot be held legally responsible for any non-compliance with the statute.

Moreover, FurnitureDealer.Net cannot be considered a covered entity simply because it provides services to Baer's, which may be considered a covered entity. In *Olmstead v. Defosset*, 205 F. Supp. 2d 1316 (M.D. Fla. 2002), Heritage, an insurance company, provided administrative and consulting services to Walter Industries, a covered entity under the ADA. The court held that "because Defendant Heritage simply administers Defendant Walter Industries' employee benefit programs, it is not a 'covered entity' for the purposes of the ADA and is not liable for any alleged discrimination that Plaintiff suffered at the hands of Defendant Walter Industries." *Olmstead*, 205 F. Supp. 2d at 1324. Applying *Olmstead* and *Steelman*, FurnitureDealer.Net is not a covered entity and cannot be held liable for any alleged ADA violations of www.baers.com simply because it provides services to Baer's with respect to its website. Thus, FurnitureDealer.Net's Motion to Dismiss should be grated as it is not an entity

that owns, leases, or operates a place of public accommodation connected to www.baers.com, and is not otherwise a covered entity under Title III of the ADA.

**ii. Plaintiff Has Not, and Cannot, Claim an Actual Harm Suffered by FurnitureDealer.Net.**

Plaintiff's generalized grievances are wholly unconnected to any harm he actually suffered, or could in the future suffer, at a place of public accommodation controlled by FurnitureDealer.Net. Instead, Plaintiff broadly alleges that "Defendants' website" (referring to www.baers.com) is not in compliance with WCAG 2.0 AA (Doc. 1, ¶ 23) and that Plaintiff was "unable to use Defendants' website and suffered an injury in fact including loss of dignity, mental anguish, and other tangible injuries." (Doc. 1, ¶ 27).

First, it is improper to lump together multiple defendants in one Complaint without specifically alleging which claims apply to which defendants. *See Najor v. Ginn Cos., LLC,* 2011 U.S. Dist. LEXIS 162069, *13 (M.D. Fla. Aug. 23, 2011). Rather, a Complaint should contain specific allegations with respect to each defendant. *Id.* Here, Plaintiff broadly alleges that www.baers.com is the website of *both* FurnitureDealer.Net and Baer's, which is factually incorrect. (Doc. 1, ¶ 6). The remaining allegations are all as to "Defendants" collectively. Instead, Plaintiff should have made clear which allegations pertain to FurnitureDealer.Net and which pertain to Baer's, rather than commingling the two entities. Plaintiff's Complaint should be dismissed on this basis alone.

Second, as articulated above, FurnitureDealer.Net does not control a retail furniture establishment or other place of public accommodation for use by Plaintiff nor does Plaintiff allege that it does. Plaintiff is not a retail furniture company. Even accepting as true that Plaintiff attempted to use the Baer's website "multiple times in the past" and is now deterred from "attempting to use Defendants' website and related stores[]", there are no plausible allegations

against FurnitureDealer.Net that FurnitureDealer.Net impeded Plaintiff's access to a specific, physical, concrete space that FurnitureDealer.Net controls. *See Access Now*, 227 F. Supp. at 1321; *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1067 (5th Cir. 1996) (to operate a place of public accommodation means to exercise control over the alleged discriminatory action and to have the authority to take remedial measures). In fact, nowhere in the Complaint does Plaintiff allege that FurnitureDealer.Net operates and controls a place of public accommodation. Instead, Plaintiff claims that a website is a place of public accommodation (Doc. 1, ¶ 19), but this Court has already definitively ruled that it alone is not. *Bang & Olufsen Am., Inc.*, 2017 U.S. Dist. LEXIS 15457 at *9-10.

Accordingly, because Plaintiff has not, and cannot in the future amend his Complaint to assert a claim under the ADA against FurnitureDealer.Net, Plaintiff's claims against FurnitureDealer.Net should be dismissed with prejudice.

## III. CONCLUSION

WHEREFORE, and based upon the foregoing, Defendant, FURNITUREDEALER.NET, INC., hereby respectfully requests an Order granting its Motion to Dismiss, with prejudice, and awarding it reasonable fees and costs for having to prepare this Motion and defend this matter, and any and all such further relief this honorable Court deems just and proper.

Hinshaw & Culbertson LLP

/s/Kristen D. Perkins
Kristen D. Perkins
Florida Bar No. 611816
Hinshaw & Culbertson LLP
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024
Primary: kperkins@hinshawlaw.com
Secondary: mvanhuss@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed using the Court's CM/ECF system, which will automatically notify counsel of record: Anthony J. Perez, *Attorney for Plaintiff*, ajperez@lawgmp.com, ajperezlaw@gmail.com, and mpomares@lawgmp.com; and to, Arthur E. Alves, II, *Attorney for Defendant Bear's Furniture Co., Inc*., justin.sorel@csklegal.com and arthure.alves@csklegal.com.

Hinshaw & Culbertson LLP

/s/Kristen D. Perkins
Kristen D. Perkins